816 F.2d 672
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Everett MULLINS, Petitioner-Appellant,
v.
UNITED STATES DEPARTMENT OF LABOR BENEFITS REVIEW BOARD,
Respondent-Appellee.
 No. 86-2138.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 2, 1987.
Decided April 2, 1987.
 
 Before WINTER, Chief Judge, and MURNAGHAN and WILKINSON, Circuit Judges.
 Frederick K. Muth; Hensley, Muth, Garton & Hayes, on brief, for appellant.
 PER CURIAM:
 
 
 1
 Everett Mullins, a former coal miner, petitions for review of the decision of the Benefits Review Board (Board) affirming the Administrative Law Judge's (ALJ's) denial of his claim for black lung disability payments under the Federal Coal Mine Health and Safety Act of 1964 (Black Lung Act), as amended, 30 U.S.C. Secs. 901, et seq. Counsel for the government has admitted that the ALJ's decision was both factually and legally erroneous, and has requested that the case be remanded to the Board with instructions to remand the case to the ALJ for reconsideration. We accept the invitation.
 
 
 2
 A hearing was conducted before an ALJ in Pipestem, West Virginia. The ALJ concluded that Mullins had invoked the interim presumption that he was totally disabled pursuant to 20 C.F.R. Sec. 727.203(a)(1), but that the presumption was rebutted pursuant to 20 C.F.R. Sec. 727.203(b)(2) and, therefore, Mullins was not entitled to benefits.
 
 
 3
 The ALJ's evaluation of the evidence rested on five points, all of which contain erroneous factual findings:
 
 
 4
 1. A reading of the report of Dr. Jamad that the miner is not disabled was incorrect because Dr. Jamad had stated that the miner is disabled by lung disease.
 
 
 5
 2. A statement that none of the blood gas studies produced values qualifying for invocation of the presumption of total disability was erroneous since Dr. Buddington's study did produce qualifying values.
 
 
 6
 3. The finding that Dr. Buddington's report should not be credited because his blood gas studies did not produce qualifying values was incorrect as indicated above.
 
 
 7
 4. A statement that Dr. Ahmed's report was cursory and based on a bare sufficiency of medical evidence was incorrect. The report was based on a qualifying ventilatory function study validated by the Department of Labor's reviewing physician.
 
 
 8
 5. A statement that the evidence of the physicians who examined for pneumoconiosis was evenly balanced, and that balance was tipped in favor of rebuttal by the reports of Drs. Jamad and Ellgeti was erroneous because Dr. Jamad's report states that the miner is disabled and Dr. Ellgeti's addresses coronary artery disease only.
 
 
 9
 The ALJ's reliance on two physicians, who neither diagnosed the absence of lung disease nor based their opinions on clinical test evidence, is legally erroneous. A doctor's opinion of no impairment, which is not based on test results, does not support (b)(2) rebuttal. Wilson v. Benefits Review Board, 748 F.2d 198, 201 (4th Cir.1984). Thus, neither Dr. Jamad's nor Dr. Ellgeti's opinion would be legally sufficient by itself to support rebuttal.
 
 
 10
 The Board affirmed the ALJ's decision without acknowledging or correcting any of the factual or legal errors mentioned above. Therefore, the Board's decision is unsupported and legally erroneous.
 
 
 11
 There is conflicting evidence concerning the question of whether the miner is capable of performing his usual coal mine work or other comparable and gainful work--the test for subsection (b)(2) rebuttal. The weighing of such evidence in the first instance is properly a function of the ALJ. Therefore, the decision of the Benefits Review Board is vacated and the case is remanded to the Board with instructions to remand to the ALJ.
 
 
 12
 VACATED AND REMANDED.